**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
IN RE                                    :
WILLIAM HAYMORE BRAMMER & HEILI KIM      : Chapter 13 Case No. 09-00608
   Debtors                               : Hearing Date: 10/23/09*
```

**TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE BASED ON 11 U.S.C. §101(30) AND §109(e) INELIGIBILITY AND BAD FAITH AND NOTICE OF DEADLINE AND OPPORTUNITY TO OBJECT**

Comes now Cynthia A. Niklas, Esquire, Trustee of the above-captioned matter and respectfully moves this Court to dismiss the above-captioned matter with Prejudice based on 11 U.S.C. §101(30) and §109(e) ineligibility and bad faith and §1307, §521(e)(2)(B)&(i), §105 and §349, based on the following grounds:

1. The debtor, Heili Kim, failed to appear and submit to an examination under oath at the §341 Meeting of Creditors on September 14, 2009, as required by 11 U.S.C. §343.

2. The scheduled monthly income is $2,784.00, the scheduled monthly expenses are $8,269.00, and the scheduled disposable monthly income is -$5,485.00. As a result, the debtors have failed to meet the burden of proving that the debtors have income sufficiently stable and regular to make plan payments as defined by 11 U.S.C. §101(30) and as required by 11 U.S.C. §109(e) and therefore the Trustee contends that the debtors are ineligible for Chapter 13 relief. <u>In re Terry</u>, 630 F.2d 634, 6 Bankr. Ct. Dec. (CRR) (8th Cir. 1980).

3. **The filing of the instant case with admitted §101(30) and §109(e) ineligibility constitutes bad faith.**

4.   The debtors have failed to file a confirmable plan based on the debtors' schedules.

5.   The debtors have failed to file complete and accurate schedules by failing to disclose the amount of secured claim of Aurora Loan (PR), based on an untimely filing on September 14, 2009 of original Schedule D.

6.   The debtors have failed to file complete and accurate schedules including but not necessarily limited to Schedule 22C as well as amended Schedule 22C.

7.   The debtors have failed to comply with 11 U.S.C. §521(e)(2)(A) by failing to provide, not later than 7 days before the first date set for the §341 Meeting of Creditors, to the Trustee, a copy of the Federal income tax return or transcript thereof for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed. Pursuant to 11 U.S.C. §521(e)(2)(B), dismissal is mandatory.

8.   The debtors have likewise failed to comply with 11 U.S.C. §1308(a) by failing to file not later than the day before the first date scheduled for the §341 Meeting of Creditors, or to date, all required tax returns for all taxable periods ending during the 4-year period ending on the petition date.  Pursuant to 11 U.S.C. §1307(e), dismissal is mandatory.

9.   The tax refunds are relevant to the disposable income analysis and tax liabilities are relevant to sufficiency of plan funding.  Likewise the filing of all requisite §1308 tax returns

is a confirmation standard pursuant to 11 U.S.C. §1325(a)(9) and the date of the filing of said returns is a bar date deadline issue pursuant to 11 U.S.C. §502(b)(9) as well as a dischargeability issue pursuant to 11 U.S.C. §1328 (a)(2).

10. The debtors filed prior Chapter 7 Case No. 08-11863 (Central District of California/Santa Barbara) on August 5, 2008 and Chapter 7 Discharge Orders were entered on January 12, 2009.

In addition thereto, the debtor, Heili Kim, filed prior Chapter 7 Case No. 00-01454 (DC) on August 21, 2000 and Chapter 7 Discharge Order was entered on December 4, 2001.

WHEREFORE, the Trustee requests this Court to dismiss this case with Prejudice based on 11 U.S.C. §101(30) and §109(e) ineligibility and bad faith and §1307, §521(e)(2)(B)&(i), §105 and §349.

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas #193367
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623

**NOTICE OF OPPORTUNITY AND DEADLINE TO OBJECT TO MOTION TO DISMISS**

* **UNLESS OTHERWISE NOTED**, HEARING ON THE ABOVE-CAPTIONED MOTION FOR DISMISSAL IS SET AT **9:30 A.M. ON OCTOBER 23, 2009.**

* **PLEASE TAKE NOTICE THAT WITHIN TWENTY (20) DAYS AFTER THE DATE OF THIS NOTICE** you must file and serve a written objection to the motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Ave., N.W., Washington, D.C. 20001, and served by mailing a copy to the Chapter 13 Trustee and all scheduled, secured creditors.

* **IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING.** The court may grant the motion without a hearing if the objection filed states

inadequate grounds for denial. Parties in interest with questions may contact the Trustee.

Dated: September 15, 2009

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623
(202)362-8500

**CERTIFICATE OF SERVICE UNDER LBR 5005-1(h)**

I hereby certify that a copy of the foregoing Motion and Notice of Opportunity to Object, was mailed, postage prepaid, September 15, 2009 to:

William Haymore Brammer & Heili Kim
107 7th Street SE
Washington, DC  20003

Charles M. Maynard
401 E. Jefferson Street, #208
Rockville, MD  20850

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas