Document - Motion to Reconsider    Page 1 of 5

**The document below is hereby signed.**

**Dated: May 11, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
WILLIAM HAYMORE BRAMMER, JR.    )   Case No. 09-00608
and HEILI KIM,                  )   (Chapter 13)
                                )   Not for publication in
               Debtors.         )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING EMERGENCY MOTION

The debtors' *Emergency Motion to Reconsider and Vacate Order Lifting Automatic Stay for Failure to Comply with Adequate Protection Payment Order* will be denied. Pursuant to a consent order (*Order Providing for Adequate Protection Payments And Modifying the Automatic Stay (Right to Cure)* GMAC, whose successor-in-interest is Ally Financial, Inc., became entitled to a lifting of the automatic stay of 11 U.S.C. § 362(a) if the debtors failed to cure a default within 14 days after the mailing of a notice of default, and if GMAC then filed an affidavit noting the failure timely to cure. The debtors' motion raises two grounds for seeking to vacate the order lifting the automatic stay: lack of receipt of the documents the creditor's counsel mailed them, and their belief that they did not violate the

consent order.

I

The debtor Brammer's assertion in his affidavit that he did not receive documents from GM Capital is inadequate to justify vacating the court's order lifting the stay for several reasons.

First, GM Capital has never been the holder of a security interest.  It was GMAC.  So stating that nothing was received from GM Capital establishes nothing.

Second, Brammer's affidavit does not address whether anyone other than Brammer received the documents that were mailed to Brammer's address.

Third, the debtors do not contend that Ally Financial's attorney did not mail the March 8, 2012 letter notice of default to Brammer or that he did not mail the March 27, 2012 *Affidavit of Default* to Brammer.  In their motion filed on April 22, 2012, they only contend that they did not receive either the letter notice of default or the *Affidavit of Default*.  Mere non-receipt fails to demonstrate that the Ally Financial failed to take steps that, under the terms of the consent order, warranted issuance of the order lifting the stay.

Fourth, the debtors do not state when they learned from their attorney of the March 8, 2012 letter notice.  Even if the debtors did not receive the letter notice mailed to them on March 8, 2012, they were not free to disregard it when they learned of

2

its existence.  Upon learning of the letter notice, they should have taken steps to cure the default if they were going to assert that their delayed receipt of the notice justifies their obtaining relief from the court's order.  The debtors' motion does not assert that their attorney did not receive the March 8 letter notice.  The court's electronic docket reflects that the debtor's attorney was sent e-notification from the court of the March 27 *Affidavit of Default* filing and the April 6, 2012 order lifting the stay, and the debtors do not contend that he did not receive those e-notifications.  Nevertheless, their attorney did not file anything until he filed the *Emergency Motion to Reconsider* on April 22, 2012--a filing made sixteen days after the court entered the order lifting the automatic stay on April 6, 2012; 27 days after the *Affidavit of Default* was filed; and 45 days after the letter of notice of default was mailed.  Even at the late date of the filing of their *Emergency Motion*, the debtors have not tendered to Ally Financial a cure of their defaults.  Accordingly, the debtors have not shown that they acted with reasonable diligence if their failure timely to cure were to be excused based on non-receipt of the letter notice of default and the *Affidavit of Default*.

II

The *Affidavit of Default* at issue stated:

The Debtor/Respondent has failed to pay the payments of $671.82 from June 15, 2011 through March 15, 2012 for a

total amount due of $6,718.20.

As to that asserted nine months of missed payments, the debtor's *Emergency Motion* only says:

> 5.  That the Debtors are alleging that they did not have the opportunity to contest the arrears balance as stated by Ally Financial given the adequate protection payments that they have already made to Ally Financial. They do not believe that they are in violation of the Order Providing for Adequate Protection Payments to Ally Financial.

The debtors do not state that they made the nine payments that Ally Financial asserts were *not* made, and only make the conclusory assertion that they do not believe that they violated the adequate protection order.  That type of loose and vague assertion does not come to grips with whether the nine payments were made.  The debtors fail to say whether they made them.  They have not shown that there was any error in the March 8, 2012 letter notice and the March 27, 2012 *Affidavit of Default*.

In any event, the debtors' motion comes too late.  They have not acted with reasonable diligence to address the issue.[1]  The debtors' attorney was mailed a copy of the letter notice of default on March 8, 2012; was given e-notice of the filing of the

---

[1] Because the motion was filed more than 14 days after entry of the order lifting the automatic stay,  Fed. R. Bankr. P. 9023 does not apply, and Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable here) applies.  The debtors do not specify the part of Rule 60 upon which they rely, but it presumably is part of Rule 60(b) as Rules 60(a) and 60(c) do not apply.  Under Fed. R. Civ. P.  60(c)(1), a motion under Rule 60(b) "must be made within a reasonable time . . . ."

4

*Affidavit of Default* on March 27, 2012; and was given e-notice of the order lifting the stay on April 6, 2012. In those circumstances, waiting until April 22, 2012, sixteen days after entry of the order lifting the automatic stay to file anything to address the issues mandates the conclusion that the *Emergency Motion* was not filed within a reasonable time.

### III

In its opposition, the creditor requests its attorney's fees, but it has not filed a motion for attorney's fees. The request for fees will be denied without prejudice (for example, without prejudice to seeking fees if a Rule 9011 motion is or has been served that, after the safe harbor period, has not led to a withdrawal of the Emergency Motion to Reconsider).

### IV

In accordance with the foregoing, it is

ORDERED that the *Emergency Motion to Reconsider and Vacate Order Lifting Automatic Stay for Failure to Comply with Adequate Protection Payment Order* is DENIED, and that Ally Financial, Inc.'s request for attorney's fees is DENIED WITHOUT PREJUDICE.

[Signed and dated above.]

Copies to: Recipients of e-notification.